IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES CARROLL,<br><br>    Defendant. | CRIMINAL ACTION<br><br>NUMBER 3:15-cr-00012-TCB |

# O R D E R

This matter is before the Court on Defendant Charles Carroll's objections [19] to Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [17], which recommends that Carroll's motion to suppress evidence [13] be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] This review may take different forms,

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667

however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the report and recommendation and Carroll's objections thereto. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Carroll's objections have no merit.

3

Carroll has been charged with distributing at least one depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and possessing at least one depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). In his motion to suppress and his objections to the R&R, Carroll asks the Court to suppress evidence obtained pursuant to an October 16, 2014 search warrant for his residence.[3] He contends that the warrant was invalid because the affidavit upon which it was obtained lacked sufficient probable cause. *See United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) ("The Fourth Amendment requires that a search warrant be issued only when there is probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested."). Specifically, Carroll contends that Agent Thomas, the affiant, failed to "provide the issuing magistrate a sufficient description of the suspected pornography, which would have

---

[3] In the R&R, the magistrate judge has provided a detailed statement of facts summarizing, among other things, the contents of the search warrant and supporting affidavit.

4

allowed an independent determination by the state court judge who authorized the search warrant." [19] at 2.

The Court agrees with the magistrate judge that Agent Thomas's affidavit alleged sufficient facts to establish probable cause to believe that evidence of a crime would be found in Carroll's residence. Contrary to Carroll's contentions, probable cause did not rest entirely on the agent's subjective, conclusory assertion that the images contained child pornography. The affidavit states that Agent Thomas viewed the two files of interest linked to Carroll's computer, and based on her training and experience she knew that both files contained images of child pornography.[4] The affidavit also identifies the names of the two files—"!new pthc dark studio]227.mpg" and "! new ! (pthc) veronika little sister bj and cum inside mouth.wmv," and Agent Thomas averred that "pthc" is a common search term used for "pre-teen hard core." [13-1] at 8. She also indicated that these files were considered "files of interest," which are defined as "files that were previously viewed by law

---

[4] The affidavit also detailed Agent Thomas's background, training and experience. Carroll acknowledges in his objections that Agent Thomas's experience and training "is not and was not the issue." [19] at 1.

5

enforcement and determined to contain child pornography and can later be identified based on the files' SHA1 values." *Id.* at 7-8.

In his objections, Carroll attempts to distinguish this case from two Third Circuit cases holding that a magistrate judge may draw a reasonable inference of a file's contents based on a descriptive name and SHA1 value. *See United States v. Beatty*, 437 F. App'x 185, 188 (3d Cir. 2011) (holding that "the titles and SHA 1 values of the files established probable cause"); *United States v. Miknevich*, 638 F.3d 178, 184 (3d Cir. 2011) (concluding that although it was unclear whether the investigative officer had reviewed the files, "the magistrate could have drawn a reasonable inference of the file's contents based on its highly descriptive name and SHA1 value"). But Carroll's arguments are not persuasive. Although the files here do not reference specific ages, the references to "pthc," coupled with Agent Thomas's averments regarding the meaning of that phrase, strongly suggest that the images contain sexually explicit images of children. And although the title of the second file differs from the titles of the files at issue in *Beatty* and *Miknevich*, it is not, as Carroll suggests, ambiguous. Instead, the file name is highly

descriptive and leads to an "unmistakable inference" that the file includes "material pertaining to the sexual exploitation of children." *Miknevich*, 638 F.3d at 185.

"Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed . . . ." *United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994). In this case, the names of the files combined with Agent Thomas's indication that the files were "files of interest" and her averment that she had viewed the files and determined, based on her training and experience, that they contained images of child pornography sufficiently showed "a fair probability that contraband or evidence of a crime" would be found at Carroll's residence. *United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).[5]

---

[5] In his motion to suppress, Carroll also challenged the particularity of the warrant, but the magistrate judge concluded that the warrant sufficiently particularized the items to be seized and the scope of the search. The Court has found no error in the magistrate judge's conclusions and agrees that the warrant satisfied the particularity requirement.

The Court also agrees with the magistrate judge that even if the search warrant were invalid, suppression of the evidence seized from Carroll's residence would not be warranted in light of the good faith exception. There is no evidence that "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002) (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)).

Accordingly, the Court adopts as its order the Report and Recommendation [17], overrules Carroll's objections [19], and denies Carroll's motion to suppress evidence [13].

IT IS SO ORDERED this 10th day of December, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge