**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES CARROLL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 3:15-CR-0012-TCB-RDC-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 3:19-CV-0077-TCB-RDC |

**UNITED STATES MAGISTATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, proceeding with counsel, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number.  See United States v. Carroll, 886 F.3d 1347 (11th Cir. 2018) (hereinafter Carroll).  The matter is before the Court on the § 2255 motion [Doc. 82] and Respondent's response [Doc. 86].  The time has passed for Movant to file a reply, and the matter is ready for disposition.  For the reasons discussed below, Movant's motion to vacate and a certificate of appealability are due to be denied.

I.    **Background**

The grand jury for the Northern District of Georgia indicted Movant for distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and for possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). [Doc. 1]. Movant pleaded not guilty and proceeded to trial represented by Michael Trost. [See Docs. 5, 64-66]. The jury found Movant guilty on both charges. [Doc. 39]. By judgment entered on October 11, 2016, the Court imposed a total 150-month term of imprisonment. [Doc. 49]. Movant appealed and raised the following issues: whether the district court erred in denying Movant's motion to suppress evidence seized pursuant to the search warrant, whether the evidence was sufficient to support his convictions, and whether the district court erred in imposing a 150-month sentence. Appellant's Opening Brief at v., Carroll, 2017 WL 1383863. The Eleventh Circuit Court of Appeals found that there was insufficient evidence to show distribution of child pornography, reversed Movant's conviction for distribution of child pornography, otherwise affirmed the judgment against Movant, and remanded for resentencing. [Doc. 71 at 11-14, 16-17]. By amended judgment entered on July 2, 2018, the Court imposed a 100-month term of imprisonment. [Doc. 80].

On June 28, 2019, Movant filed his § 2255 motion, which is now before the Court. [Doc. 82]. Movant raises two grounds for relief: (1) the federal government lacked jurisdiction under the Commerce Clause when the prosecution charged Movant with "shipping and transporting[,]" which was not proven at trial, and appellate counsel provided ineffective assistance for failing to raise the issue on direct appeal, and (2) Movant was denied due process when Sara Thomas (Special Agent with the Georgia Bureau of Investigation (GBI)) presented false grand-jury testimony in order to initiate the prosecution, and appellate counsel provided ineffective assistance for failing to raise the issue on direct appeal. [Doc. 82 at 4-6; 82-1 at 9].

**II.   Standard**

   **A.   28 U.S.C. § 2255**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

"Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 164, 166 (1982).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).  Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence.[1]  Fordham v. United

---

[1] "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . " or that the matter was not raised because of ineffective assistance of counsel.  Lynn, 365 F.3d at 1235; see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in

4

States, 706 F.3d 1345, 1349 (11th Cir. 2013).  A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)).  That is the case here, as shown in the discussion further below.

### B.    Ineffective Assistance of Counsel

Movant raises ineffective assistance of counsel [Doc. 82 at 4, 6], to which Strickland v. Washington, 466 U.S. 668 (1984), applies.  A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Id. at 687.  To show constitutionally ineffective assistance of counsel, a movant must

---

original) (quoting Frady, 456 U.S. at 170).  To make a credible showing of actual innocence,  a movant "must show that it is *more likely than not* that *no reasonable juror* would have convicted him in the light of the new evidence."  Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314-15 (11th Cir. 2012) (emphasis in in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

5

establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced the movant. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To succeed on a claim of ineffective assistance of appellate counsel, the movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been different. Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1297 (11th Cir. 2017), cert. denied, _ U.S. _, 139 S. Ct. 193 (2018).

### III.   Discussion

#### A.   Jurisdiction

In count two of the indictment, the grand jury charged that –

[Movant] did knowingly possess at least one computer and computer storage device which contained at least one visual depiction of a minor engaged in sexually explicit conduct . . . , said depiction (a) having been produced using a minor engaging in sexually explicit conduct, (b) involving at least one prepubescent minor and at least one minor who had not attained 12 years of age, and (c) having been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer and cellular telephone[.]

[Doc. 1 at 1-2].

Joel Cancilla, who was employed as a digital forensic investigator for the GBI during the relevant time period, testified at trial that Movant's computer/laptop showed the use of the search term "PTHC" (which stands for preteen hard core) and contained videos from two child pornography series (the Vicky series and the Tara series). [Doc. 64 at 27-28, 49]. Josh Findley, Special Agent with the Department of Homeland Security, testified that the Vicky series videos were created in Oregon and Eastern Washington and that the series had been uploaded to the internet. [Doc. 65 at 17-20]. Timothy Dwight Deal, Detective with the Catoosa County Sheriff's Office,

7

testified that the Tara series videos were produced in Georgia and were uploaded to the internet. [Id. at 21-23].

The Court charged the jury (1) that it could find Movant guilty on count two only if it was proven beyond a reasonable doubt that "the depiction was shipped or transported in interstate or foreign commerce by any means including computer" and (2) that the terms interstate or foreign commerce and computer had the same definition as given by the Court in regard to count one – "Interstate or foreign commerce is the movement of property between different states, or between the United States and any place outside the United States. The internet is a facility of interstate commerce." [Doc. 66 at 56, 58-59]. As indicated earlier, the jury found Movant guilty on count two.

Movant now argues that the federal government lacked jurisdiction under the Commerce Clause when the prosecution charged Movant with possession of a depiction "having been shipped and transported in and affecting interstate and foreign commerce" and "shipping and transporting" was not proven at trial. [Doc. 82-1 at 11, 18 (emphasis removed); see also Doc. 82 at 4]. Movant argues that the Court's jury instructions made it clear that the prosecution had to prove shipping and transporting in interstate commerce and that the evidence (having elicit images on

8

his computer and the entire investigation occurring within Georgia) was insufficient to show "that [Movant] transported or shipped the images found on his computer as enumerated in count two of the indictment." [Doc. 82-1 at 18-20]. Thus, Movant argues that the evidence did not "bring this case under the umbrella of the federal jurisdiction as the prosecution has set out in Count Two of the indictment." [Id. at 20]. Movant also states that appellate counsel "did not raise this issue and the Movant is requesting [sic] that she provided ineffective assistance of counsel for failing to raise the issue on direct appeal." [Doc. 82 at 4].

Respondent observes that Movant's "jurisdictional" argument is in fact an argument on the sufficiency of the evidence to show the interstate element for possessing child pornography. [Doc. 86 at 6-7]. Respondent states that the evidence was sufficient based on (1) Special Agent Findley's testimony that an image of child pornography found on Movant's computer had been created in the State of Washington and uploaded to the internet and (2) Detective Timothy Deal's testimony that an image of child pornography found on Movant's computer, which had been created in Georgia, was uploaded to the internet, which is a facility of interstate commerce. [Id. at 7-8]. Respondent asserts that Movant cannot show that appellate counsel was ineffective for failing to raise the matter on appeal. [Id. at 8-9].

9

Strickland discussed earlier applies in regard to appellate counsel's assistance. In regard to congressional power to enact § 2252, binding precedent squarely holds that Congress has power under the Commerce Clause to regulate the internet as well as interstate and intrastate possession of child pornography. United States v. Green, 259 F. App'x 171, 173 n.1 (11th Cir. 2007) (listing cases, including United States v. Maxwell, 446 F.3d 1210, 1217-18 (11th Cir. 2006)).  Additionally, "[t]he government's alleged failure to sufficiently establish an interstate commerce nexus does not deprive the district court of its subject matter jurisdiction under § 3231. . . . All that [is] required for the district court to exercise subject matter jurisdiction over [the] case [is] an indictment charging [the defendant] with a violation of a valid federal law enacted in the United States Code[.]" United States v. Grimon, 923 F.3d 1302, 1306 (11th Cir. 2019), cert. denied, _ U.S. _, 140 S. Ct. 536 (2019). "Whether that indictment sufficiently alleged, or [the evidence at trial] sufficiently demonstrated, an interstate nexus is merely a non-jurisdictional challenge to the sufficiency of the evidence as to that element of the offense and has no bearing on the district court's power to adjudicate [the] case or subject matter jurisdiction." Id. at 1307.

To review a sufficiency of the evidence argument under federal due process requirements, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "The jury in this case was convinced, and the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality."  Coleman v. Johnson, 566 U.S. 650, 656 (2012).

> Federal law makes it illegal to –
>
> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been *shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce*, or which was produced using materials which have been mailed or so shipped or transported, *by any means including by computer*, if –
>
> > (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > (ii) such visual depiction is of such conduct[.]

18 U.S.C. § 2252(a)(4)(B) (emphasis added).[2]

---

[2] Sections 2251, 2251A, 2252, and 2252A of Title 18 were amended, effective

11

Movant did not raise on appeal his underlying ground one argument, and it is procedurally defaulted. Further, as discussed below, Movant fails to overcome his default notwithstanding his assertion that appellate counsel was ineffective.

As a preliminary matter, it is beyond dispute that Congress was within its Commerce Clause power when it enacted § 2252. Further, the indictment charged that Movant possessed a depiction of child pornography, said depiction "having been *shipped and transported in and affecting interstate and foreign commerce*, by any

---

2008, to change each instance of "in interstate" to "in or affecting interstate[.]" See Enhancing the Effective Prosecution of Child Pornography Act of 2007, §§ 102(7), 103(b), Pub. L. No. 110-358, 122 Stat. 4001 (2008) (finding that "[t]he transmission of child pornography using the Internet constitutes transportation in interstate commerce"); see also United States v. McPherson, 587 F. App'x 556, 562 (11th Cir. 2014) ("We . . . find that § 2252A, as amended by Congress in 2008, signals Congress's exercise of its full Commerce Clause powers to criminalize all possession of child pornography, including purely intrastate possession."); United States v. Schaff, 454 F. App'x 880, 883 n.1 (11th Cir. 2012) ("Because the internet is a means or facility of interstate commerce, evidence that the defendant used the internet to obtain child pornography is sufficient to obtain a conviction under the new version of the statute [(§ 2252A(a)(2)(A)], even without proof of an actual interstate transmission."); United States v. Busby, CR 11-00188 SBA, 2014 WL 1153712, at *3 (N.D. Cal. Mar. 20, 2014) ("[U]nder the current version of § 2252(a)(4)(B) which includes the expanded jurisdictional language, the interstate commerce requirement is satisfied by a defendant's use of the Internet to possess or access with the intent to view child pornography.").

*means including by computer* and cellular telephone[.]" [Doc. 1 at 1-2]. It is apparent that the indictment adequately tracks the statutory language for purposes of alleging a federal crime. Accordingly, to the extent Movant asserts a claim based on lack of jurisdiction, his argument fails as the indictment adequately charges a crime under § 2252(a)(4)(B). See Grimon, 923 F.3d at 1306.

To the extent that Movant raises a sufficiency argument, it also fails. The government did not have to prove, as suggested by Movant, that *Movant* shipped the depictions in interstate commerce. The government had to prove that the depictions at issue had been transported/shipped in or affecting interstate commerce. Evidence showed that the videos from the Vicky and Tara series had been uploaded to the internet. There was sufficient evidence for a reasonable juror to find that the interstate element was satisfied.

Had appellate counsel raised Movant's current argument on appeal, there is no reasonable probability that it would have succeeded. Movant's first ground fails as he does not show ineffective assistance of appellate counsel and has not otherwise overcome his default.

### B. Due Process

Beginning on the first day of trial, Movant repeatedly cross-examined Agent Thomas in regard to her testimony before the grand jury. [Doc. 64 at 91-95; Doc. 65 at 7, 9-16].

In his second ground for relief, Movant argues that he was denied due process when Agent Thomas presented false grand-jury testimony in order to initiate the prosecution and that, without the false or misleading information, the prosecution would have been unable to obtain an indictment. [Doc. 82 at 5-6; 82-1 at 9, 21-24]. Movant also states that appellate counsel "did not raise this issue and the Movant is requesting [sic] that she provided ineffective assistance of counsel for failing to raise the issue on direct appeal." [Doc. 82 at 6].

Respondent argues that there was sufficient evidence for the grand jury to find probable cause that Movant possessed child pornography, that Agent Thomas did not commit perjury, that the petit jury (while observing a higher burden of proof than required to indict and after listening to cross-examination of Agent Thomas in regard to her testimony before the grand jury) found Movant guilty, and that Movant had not shown that appellate counsel was ineffective on this issue. [Doc. 86 at 9-14].

Strickland, discussed earlier, applies in regard to appellate counsel's assistance. Federal criminal rules require that any reasonably available objection to a defect in instituting the prosecution, including an error in the grand-jury proceeding, must be raised before trial. Fed. R. Crim. P. 12(b)(3)(A)(v). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3);[3] United States v. Rice, 814 F. App'x 550 (11th Cir. 2020) ("A defendant must raise a motion alleging 'a defect in instituting the prosecution, including . . . an error in the grand-jury proceeding or preliminary hearing' before trial. Fed. R. Crim. P. 12(b)(3)(A)(v)").[4] As a general rule, a defendant does not show good cause when, despite having "all the information necessary" to raise a Rule 12(b) challenge in a timely manner, he did not. United States v. Ramirez, 324 F.3d 1225, 1228 n.8 (11th Cir. 2003).[5]

---

[3] The Rule was last amended in 2014.

[4] When a litigant does not receive a copy of grand-jury proceedings until after the trial has begun, he must file his motion at the earliest possible time. United States v. Cathey, 591 F.2d 268, 271 n.1 (5th Cir. 1979).

[5] If a defendant timely raises in the trial court a claim based on prosecutorial

A reasonably-available challenge that was not raised at the trial level and that is untimely is subject to plain error review if raised on direct appeal.  United States v. Sperrazza, 804 F.3d 1113, 1119 (11th Cir. 2015) (applying plain error review to denial of Rule 12(b)(3) motion that was forfeited because it was not timely raised in district court and stating that plain error review applied even if the defendant did not show good cause for failing to timely present his claim in the trial court).

> To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. . . . If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Vereen, 920 F.3d 1300, 1312 (11th Cir. 2019), cert. denied, _ U.S. _, 140 S. Ct. 1273 (2020).  An error affects a defendant's substantial rights if there is

---

misconduct in grand-jury proceedings, "the District Court ha[s] no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that petitioners were prejudiced by such misconduct. The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict.  If violations did substantially influence this decision, or if there is grave doubt that the decision to indict was free from such substantial influence, the violations cannot be deemed harmless." Bank of Nova Scotia v. United States, 487 U.S. 250, 257, 263 (1988).

16

a reasonable probability that, but for the error, the outcome would have been different. United States v. Deason, 965 F.3d 1252, 1266 (11th Cir. 2020).

In regard to misconduct during grand-jury proceedings, "even if [the] allegations of misconduct before the grand jury are true, 'the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation.'" United States v. Flanders, 752 F.3d 1317, 1333 (11th Cir. 2014) (quoting United States v. Mechanik, 475 U.S. 66, 67 (1986)); Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1327-28 (11th Cir. 2006) (denying a certificate of appealability in state habeas case and finding that "jurists of reason would not debate the reasonableness of the Florida Supreme Court's determination that Beasley's false testimony was not material, i.e., would not have affected the grand jury's decision to indict. The petit jury heard all of Beasley's stories and her admission that she lied to the grand jury and FDLE agents and found Petitioner guilty of first degree murder beyond a reasonable doubt. In light of the conviction, no reasonable jurist would debate whether the grand jury would have indicted Petitioner for first degree murder."). When the petit jury has found the defendant guilty beyond a reasonable doubt on the crime charged, any error based on the government submitting to the grand jury misleading evidence that could have influenced the

17

charging decision is insufficient to meet the plain error standard. See United States v. Ellis, 626 F. App'x 148, 154-55 (6th Cir. 2015) (holding that any error on drug amount before grand jury was harmless in light of jury's verdict of guilt, based on trial evidence, on the possession with intent to distribute charge).

It is apparent that Movant was fully aware of Agent Thomas's grand-jury testimony by the first day of trial, if not before. Movant does not show that he raised (at the earliest possible time in the trial court) a challenge to the grand-jury proceedings, and, had Movant belatedly raised such challenge in the trial court, he fails to show that there would have been good cause for his delay in doing so. Further, had appellate counsel argued on direct appeal that there was a defect in the grand-jury proceedings based on the testimony presented during those proceedings, there is no reasonable probability that his claim would have succeeded under plain error review. Movant had a full opportunity to cross examine Agent Thomas in regard to her testimony before the grand jury. The petit jury considered that evidence, along with all other evidence presented, and found Movant guilty beyond a reasonable doubt on the crime of possession of child pornography. Movant fails to show that appellate counsel could have met the standard for plain error review. Accordingly,

Movant's second ground fails as he does not show ineffective assistance of appellate counsel and has not otherwise overcome his default.

## IV.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals

19

under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V.    Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence [Doc. 82] and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 19th day of October, 2020.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE