IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE |
| v. | NO. 3:15-cr-12-TCB |
| CHARLES CARROLL, | CIVIL ACTION FILE |
| Defendant. | NO. 3:19-cv-77-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Regina D. Cannon's report and recommendation (the "R&R") [87], which recommends denying Defendant Charles Carroll's motion [82] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and denying a certificate of appealability. Carroll has filed objections [90]. The objections are due to be denied as untimely, but the Court will nevertheless consider them on the merits.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Carroll's objections merely repeat the grounds for relief he put forth in his initial § 2255 motion and do not specifically respond to the R&R's findings and conclusions. Having conducted a careful and complete de novo review of the R&R, the Court finds that its factual and legal conclusions were correct and agrees with the well-reasoned recommendation of the magistrate judge. Accordingly, Carroll's objections [90] are overruled and the Court adopts as its Order the R&R [87]. Carroll's motion [82] to vacate is denied. This Court further agrees with the magistrate judge that this Court's resolution of the issues presented in the petition is not debatable by jurists of reason.

Accordingly, a certificate of appealability is denied. The Clerk is directed to close the civil action.

IT IS SO ORDERED this 5th day of November, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge